THOMPSON COBURN LLP
SAMUEL R. WATKINS, CSB 272162
swatkins@thompsoncoburn.com
2029 Century Park East, Suite 1900
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Plaintiff DECKERS
OUTDOOR CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN HAN, an individual; NANCY WANG, an individual; DHK EXPRESS, INC., a California corporation; FELICE SOUL CLOTHING, INC., a California corporation; and DOES 1-10 inclusive, <br><br> Defendants. | Case No. 2:15-CV-06187 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") for its claims against defendants Stephen Han, Nancy Wang, DHK Express, Inc., Felice Soul Clothing, Inc., and DOES 1 through 10 (collectively "Defendants") respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action to combat Defendants' importation and sale of counterfeit products that infringe federally-registered trademarks owned and used by Deckers in connection with the sale of the company's famous UGG® footwear. As a direct and proximate result of Defendants' unlawful importation, distribution and

1   sale of counterfeit UGG® footwear, Deckers has been irreparably harmed.  Deckers

2   seeks permanent injunctive relief, damages, costs and attorneys' fees as authorized

3   by the Lanham Act, the Tariff Act, and California state statutory and common law.

4        2.     Defendants Stephen Han ("Han") and Nancy Wang ("Wang")

5   conspired together – and with other individuals as yet unknown to Deckers – to

6   create, control and/or operate several business entities for the express purpose of

7   importing goods, <u>including counterfeit goods</u>, into the United States from China.

8        3.     Han and Wang created and control defendant DHK Express, Inc.

9   ("DHK Express") for the purpose of coordinating and facilitating the importation of

10   goods in the names of other entities they have created and/or control, including

11   defendant Felice Soul Clothing, Inc. ("Felice Soul"), Living Water Trading, Inc.,

12   Belle Clothing, Inc., Graceful Peace World, Inc., Titus Import, Inc., and HB

13   Hospitality, Inc.

14        4.     As detailed in allegations below, Han and Wang have used at least one

15   of these entities – Felice Soul – to import thousands of pairs of counterfeit UGG®

16   boots into the United States.  This action seeks damages for Defendants' massive

17   infringement of Deckers' intellectual property rights, as well as to shut down

18   Defendants' counterfeiting activities.

19   **<u>JURISDICTION AND VENUE</u>**

20        5.     Deckers files this action against Defendants for trademark

21   counterfeiting, trademark infringement, illegal importation of counterfeit goods

22   under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham

23   Act"), illegal importation of counterfeit goods under the Tariff Act, 19 U.S.C.

24   § 1526(a), and related claims of unfair competition under the statutory and common

25   law of the state of California.  This Court has subject matter jurisdiction over the

26   trademark infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

27        6.     This Court has supplemental jurisdiction over the claims in this

28   Complaint which arise under state statutory and common law pursuant to 28 U.S.C.

1  § 1367(a), since the state law claims are so related to the federal claims that they

2  form part of the same case or controversy and derive from a common nucleus of

3  operative facts.

4       7.    This Court has personal jurisdiction over Defendants because

5  Defendants reside and/or are incorporated and do business in this judicial district.

6       8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

7  because the claims asserted arise in this district and Defendants are located in this

8  judicial district.

9  **THE PARTIES**

10       9.    Deckers is a corporation organized and existing under the laws of the

11  state of Delaware with an office and principal place of business in Goleta,

12  California.  Deckers designs and markets footwear identified by its famous UGG®

13  trademark and other trademarks.

14       10.    Han is an individual who resides in this judicial district at 403

15  Gleneagles Place, La Canada Flintridge, California 91011.  Han is the President,

16  Chief Executive Officer, Chief Financial Officer, Secretary, and sole Director of

17  DHK Express.  Han is the President, Chief Executive Officer, Chief Financial

18  Officer, Secretary, sole Director, and registered agent of Living Water Trading, Inc.

19  ("Living Water").

20       11.    Wang is an individual who resides in this judicial district at 205 North

21  Palm Avenue, #A, Alhambra, California 91801.  Wang incorporated DHK Express

22  on June 29, 2011.  Wang incorporated Felice Soul on June 8, 2012.  Wang is the

23  registered agent for Felice Soul, DHK Express, and Belle Clothing, Inc. ("Belle

24  Clothing").  Wang is the accountant for DHK Express, Belle Clothing, and Living

25  Water.  Until very recently, Wang was also the registered agent for Living Water.

26       12.    DHK Express is a corporation organized and existing under the laws of

27  the state of California with its principal place of business currently listed with the

28

1   California Secretary of State as 403 Gleneagles Place, La Canada Flintridge,

2   California 91011.  This address is a private residence owned and resided in by Han.

3        13.    Felice Soul is a corporation organized and existing under the laws of

4   the state of California with its principal place of business currently listed with the

5   California Secretary of State as 333 West Garvey Avenue, B150, Monterey Park,

6   California 91754.  This address is not an address at which Felice Soul actually

7   conducts business, but rather is a rented post office box located at another business

8   by the name of ASAP Postal Center.

9        14.    Plaintiff is unaware of the names and true capacities of DOES 1

10  through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff

11  will seek leave to amend this complaint when their true names and capacities are

12  ascertained.  Plaintiff is informed and believes, and based thereon alleges, that said

13  DOES 1 through 10, inclusive, are in some manner responsible for the wrongs

14  alleged herein and, that at all times referenced, each was the agent and servant of the

15  other Defendants and was acting within the course and scope of said agency and

16  employment.

17       15.    Plaintiff is informed and believes, and based thereon alleges, that at all

18  relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

19  reasonably should have known of the acts and behavior alleged herein and the

20  damages caused thereby, and by their inaction ratified and encouraged such acts and

21  behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10,

22  inclusive, have a non-delegable duty to prevent such acts and the behavior described

23  herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or

24  refused to perform.

25

26

27

28

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.     Deckers' UGG® Trademarks**

16.     Deckers has become well-known throughout the United States and elsewhere as a source of high quality footwear products identified mostly by its UGG® brand of premium footwear.

17.     Deckers' UGG® products are distributed and sold to consumers through retailers including through its UGG® Concept Stores throughout the United States at point of sale and on the Internet, including through its website www.uggaustralia.com.

18.     Since acquiring the UGG® trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear, clothing, and accessories under this and its other trademarks (collectively, the "UGG Marks").  Deckers has built substantial goodwill in the UGG Marks.

19.     The UGG Marks at issue in this matter include at least the Sun Design Marks, described more fully in the table set forth below.  Based on its experience in enforcing its trademark rights against counterfeiters, Deckers expects, and is informed and believes, that discovery in this matter will reveal that additional UGG Marks have been counterfeited by Defendants.

| Mark | U.S. Reg. No. | Reg. Date | Class | Goods/Services |
|---|---|---|---|---|
|   (the "Sun Design Mark") | 3,624,595 | 05/19/2009 | 25 | Footwear. |

20.     A true and correct copy of the registration certificate from the USPTO for the Sun Design Mark is attached hereto as Exhibit A.  The Sun Design Mark is exclusively owned by Deckers and is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

21.     Deckers filed and recorded copies of the registration certificate of the Sun Design Mark with the U.S. Bureau of Customs and Border Protection ("CBP")

1  in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and

2  Section 42 of the Lanham Act, 15 U.S.C. § 1124.  Once filed with CBP, the Sun

3  Design Mark was recorded by CBP under the Recordation Number TMK 14-00832.

4  A true and correct copy of the computer printout documenting CBP's recordation of

5  this trademark is attached hereto as Exhibit B.

6       22.    At all times relevant hereto, the UGG Marks have been continually

7  used by Deckers throughout most of the world and in the United States, on or in

8  connection with the manufacture, distribution, sale and promotion of its products.

9       23.    The UGG Marks are distinctive and signify to members of the

10  consuming public that products that come from Deckers are manufactured to the

11  highest standard of quality.

12       24.    Deckers (and its predecessors) have, with consistent and earnest effort,

13  marketed and publicized its distinctive and high-quality footwear to American

14  consumers.  Deckers' clear and consistent marketing message has been that its

15  footwear represents the highest quality, superior craftsmanship, and fashionable

16  comfort.  As a result of the high quality of footwear Deckers has provided to its

17  customers, and its reputation as a premier manufacturer of high-quality footwear,

18  the UGG Marks have become valuable assets and are famous.

19       25.    Deckers has spent millions of dollars promoting the UGG Marks and

20  its footwear and products identified by the UGG Marks.  As a direct result of the

21  time and effort promoting the UGG Marks, Deckers' customers, its competitors and

22  the general public have come to associate the high-quality footwear offered by

23  Deckers with its UGG Marks.

24       26.    Deckers' efforts have yielded great rewards with total fiscal year 2015

25  UGG® brand global annual sales in excess of $1.4 billion.

26       27.    Deckers' products have been widely accepted by the public and are

27  enormously popular, as demonstrated by hundreds of millions of dollars in UGG®

28

1   sales each year.  As a direct result of Deckers' substantial investment in the UGG

2   Marks, they have become famous throughout the United States and the world.

3         28.    The UGG Marks have come to represent and symbolize the excellent

4   reputation of Deckers' products and valuable goodwill among members of the

5   public throughout the world and in the United States, including California.

6       **B.**    **Defendants' Infringing Activities**

7         29.    CBP periodically inspects a fraction of the merchandise imported into

8   the United States.  As a result of one such inspection on or about October 29, 2014,

9   CBP discovered that an ocean shipping container imported into the United States in

10   the name of Felice Soul contained more than five thousand pairs of boots bearing

11   spurious marks that were either identical with or substantially indistinguishable from

12   at least one of the UGG Marks, *i.e.*, the Sun Design Mark, Recordation Number

13   TMK 14-00832.

14         30.    On or about December 16, 2014, CBP mailed to Deckers a Notice of

15   Seizure of Infringing Merchandise (No. 2015-4601-000150-01 LG) ("Notice of

16   Seizure") notifying Deckers that CBP had seized goods which bear marks which

17   constitute counterfeit copies of the following trademark described as follows: "The

18   mark consists of a circular sunburst design with multiple emanating rays" and

19   recorded as such in Customs and Border Protection Recordation Number: TMK 14-

20   00832.  The Notice of Seizure names "Felice Soul Clothing Inc." as the party that

21   imported "5,540 pairs counterfeit Snow Boots."  A true and correct copy of the

22   Notice of Seizure is attached hereto as Exhibit C.

23         31.    The address given for Felice Soul on the Notice of Seizure is 58

24   E. Broadway Suite 268, New York, New York 10002.  This address is not an

25   address at which Felice Soul actually conducts business, but rather is a rented post

26   office box (number 268) located at another business.

27         32.    Han and Wang coordinated and facilitated the importation of this

28   shipment of counterfeit UGG® boots by using DHK Express to procure the services

1    of Jingyu Deng, a licensed Customs broker based in Jamaica, New York.  Jingyu

2    Deng then filed entry papers for the shipment with CBP based on documents

3    received from Han, Wang, and DHK Express.

4         33.   The footwear referenced in the Notice of Seizure and imported by

5    Felice Soul are all counterfeit, and not genuine articles manufactured by or with the

6    permission of Deckers.

7              (1)   Defendants' Fraudulent Creation Of Felice Soul

8         34.   Wang incorporated Felice Soul on June 8, 2012 and continues to be the

9    company's registered agent.  A true and correct copy of the Articles of Incorporation

10   for Felice Soul executed by Wang is attached hereto as Exhibit D.

11        35.   A Statement of Information filed with the California Secretary of State

12   on August 10, 2012 (two months after it had been incorporated by Wang), lists

13   "Xingun Che" as Felice Soul's Chief Executive Officer, Chief Financial Officer,

14   Secretary, and sole Director.  This Statement of Information purportedly was

15   completed by "Shijiang Mei," who is listed as Felice Soul's President.  The

16   Statement of Information was signed, however, by "Che Xing Lin."  A true and

17   correct copy of the August 10, 2012 Statement of Information is attached hereto as

18   Exhibit E.

19        36.   The August 10, 2012 Statement of Information lists Felice Soul's

20   principal business office address as 12212 6th Street, Rancho Cucamonga, California

21   91730.  At this address is a 20,000 square-foot commercial building.  The mailing

22   address for Felice Soul is listed on this Statement of Information as 333 W. Garvey

23   Avenue, B150, Monterey Park, California 91754.  As alleged above, this is a rented

24   post office box.

25        37.   Felice Soul's commercial building at 12212 6th Street, Rancho

26   Cucamonga has also been used continuously since July 2012 by another of Han's

27   and Wang's businesses – Living Water – to accept delivery of hundreds of ocean

28

1  shipping containers filled with merchandise imported from China, many of which

2  contained goods manifested as "shoes," "boots," and "footwear."

3      38.    After a series of diligent, nationwide searches using sophisticated and

4  powerful public record search databases and other sources of information, Deckers

5  has determined, and on that basis alleges upon information and belief, that "Xingun

6  Che," "Shijiang Mei," and "Che Xing Lin" are non-existent persons.

7      39.    Upon information and belief, Wang and Han fabricated these names for

8  the purpose of concealing their actual ownership of, and control over, Felice Soul.

9      40.    Wang, as the incorporator and registered agent of Felice Soul, certainly

10  knew that "Xingun Che," "Shijiang Mei," and "Che Xing Lin" were not actual

11  persons.

12      41.    Han, as the person who presided over the large-volume, commercial

13  importation business known as Living Water operating at 12212 6th Street, Rancho

14  Cucamonga, California, also knew that "Xingun Che," "Shijiang Mei," and "Che

15  Xing Lin" were not actual persons who purportedly were also conducting a

16  commercial importation business named Felice Soul at the very same address.

17      42.    As alleged in sections below, Wang and Han have jointly, and

18  fraudulently, created other entities for the express purpose of importing goods – also

19  likely counterfeit – from China.

20          (2)    DHK Express's Role In Importing Counterfeit Goods

21      43.    Wang incorporated DHK Express on June 29, 2011, and continues to

22  be the company's registered agent.  A true and correct copy of the Articles of

23  Incorporation for DHK Express executed by Wang is attached hereto as Exhibit F.

24      44.    A Statement of Information filed with the California Secretary of State

25  on July 11, 2011 (two weeks after it had been incorporated by Wang), lists Han as

26  DHK Express's Chief Executive Officer, Chief Financial Officer, Secretary, and

27  sole Director.  Han also signed this Statement of Information as President of DHK

28

1  Express.  A true and correct copy of the July 11, 2011 Statement of Information is

2  attached hereto as Exhibit G.

3      45.    The July 11, 2011 Statement of Information lists 205 N. Palm Avenue,

4  #A, Alhambra, California 91801 as the principal business address for both DHK

5  Express and for Han.  This address also happens to be Wang's personal residence.

6      46.    On April 7, 2013, Wang filed a Statement of Information with the

7  California Secretary of State on behalf of DHK Express.  This Statement of

8  Information continues to list DHK Express's principal business address as Wang's

9  personal residence at 205 N. Palm Avenue, #A, and also lists Wang's title as

10  "Accountant" of DHK Express.  A true and correct copy of the April 7, 2013

11  Statement of Information is attached hereto as Exhibit H.  Upon information and

12  belief, Han and Wang jointly own and control DHK Express.

13      47.    DHK Express currently lists its business address with the California

14  Secretary of State as 403 Gleneagles Place, La Canada Flintridge, California 91011.

15  This address is Han's personal residence.

16      48.    DHK Express purports to be a freight forwarding company that

17  provides forwarding services to entities importing goods into the United States.

18  Freight forwarding services generally include acting as the liaison between

19  importers and licensed Customs brokers who, in turn, file entry papers on behalf of

20  importers with CBP.  DHK Express obtains shipping records – e.g., bills of lading,

21  commercial invoices, and packing lists – from the importers, and then delivers those

22  records to the Customs brokers who use them to file entry papers.  Freight

23  forwarding services also generally include arranging for local transportation of

24  imported goods once they have been cleared for entry by CBP.

25      49.    DHK Express acted as the freight forwarder on the shipment of

26  counterfeit UGG® brand boots that were imported by Felice Soul and that were

27  seized by CBP.  DHK Express and Felice Soul were used by Han and Wang to

28  import these counterfeit goods.

1   50.   DHK Express does not provide freight forwarding services to the
2   public at large.  In fact, DHK Express does not maintain a webpage, and does not
3   otherwise advertise its services to the public.  To the contrary, DHK Express offers
4   its services to a very short list of select importers, a list that is restricted almost
5   exclusively to Felice Soul, Living Water, Belle Clothing, Graceful Peace World,
6   Inc. ("Graceful"), Titus Import, Inc. ("Titus"), and HB Hospitality, Inc. ("HB").
7   51.   Over the past several years, DHK Express has acted as the freight
8   forwarder on several hundred shipments of goods imported from China, almost all
9   of which were imported in the names of just a handful of entities:  Felice Soul,
10   Living Water, Belle Clothing, Graceful, Titus, and HB.
11   52.   As shown below, these entities have been created, operated, and are
12   interrelated in ways that show they must be owned and/or controlled by Han and
13   Wang and their co-conspirators who are as yet unknown to Deckers.

14   C.   **Defendants' Interrelated Businesses**
15        (1)   Belle Clothing

16   53.   Belle Clothing was incorporated on May 17, 2012 by "Shirley Liu."
17   Despite a diligent search, Deckers has not been able to identify any real person
18   named "Shirley Liu" associated with Belle Clothing.  Upon information and belief,
19   Deckers alleges that "Shirley Liu" is also a name fabricated by Wang and Han.
20   A true and correct copy of the Articles of Incorporation for Belle Clothing is
21   attached hereto as Exhibit I.  Wang is listed on the Articles of Incorporation as the
22   registered agent for Belle Clothing, and she continues to be the company's
23   registered agent.
24   54.   A Statement of Information filed with the California Secretary of State
25   on August 10, 2012 (three months after it had been incorporated), lists "Shijiang
26   Mei" as Belle Clothing's Chief Executive Officer, Chief Financial Officer,
27   Secretary, and sole Director.  This Statement of Information purportedly was
28   completed by "Shijiang Mei," who is listed as Belle Clothing's President.  The

1  Statement of Information was signed by "Mei Shi Jiang."  A true and correct copy
2  of the August 10, 2012 Statement of Information is attached hereto as Exhibit J.

3      55.    This Statement of Information for Belle Clothing was filed with the
4  California Secretary of State on the same day that the Statement of Information for
5  Felice Soul discussed above was filed, *i.e.*, August 10, 2012.  Both of these
6  Statements of Information were completed by "Shijiang Mei."  As alleged above,
7  Deckers is informed and believes and on that basis alleges that "Shijiang Mei" is a
8  non-existent person fabricated by Han and Wang to conceal their ownership and
9  control of both Felice Soul and Belle Clothing.

10     56.    The August 10, 2012 Statement of Information for Belle Clothing lists
11  the company's principal business address as 12212 6th Street, Rancho Cucamonga,
12  California 91730.  As alleged above, this address is the same commercial building
13  used by Felice Soul and Living Water.  The mailing address for Belle Clothing is
14  listed on this Statement of Information as 333 W. Garvey Avenue, B150, Monterey
15  Park, California 91754.  This address is the same rented post office box used by
16  Felice Soul.

17     57.    A Statement of Information filed with the California Secretary of State
18  on March 25, 2013 was completed by Wang, who lists herself as the "Accountant"
19  for Belle Clothing.  A true and correct copy of the March 25, 2013 Statement of
20  Information is attached hereto as Exhibit K.

21     58.    Over the past fourteen months, Belle Clothing has imported nearly
22  ninety ocean shipping containers from China filled with various types of goods,
23  including footwear.  The addresses given by Belle Clothing to CBP as the addresses
24  to which these nearly ninety containers were to be delivered include: (a) 14104
25  Tiger Lily Court, Corona, California (a residence owned by Han); (b) 2222 Foothill
26  Boulevard, Suite E325, La Canada Flintridge, California (a rental post office box
27  near Han's residence); (c) 3327 San Gabriel Boulevard, #H, Rosemead, California

28

1  (another address used by DHK Express); and (d) 403 Gleneagles Place, La Canada

2  Flintridge, California 91011 (Han's personal residence).

3       59.    It is unlikely that the goods imported in the name of Belle Clothing

4  were actually delivered to residences owned by Han, to DHK Express's offices, or

5  to a rental post office box.  As the freight forwarder on these shipments, DHK

6  Express, *i.e.*, Han and/or Wang, arranged for the delivery of these goods to

7  alternative addresses known only to Han and/or Wang.

8          (2)   <u>Living Water</u>

9       60.    Living Water was incorporated on November 30, 2009 by "Tina

10  Chiang."  Deckers has confirmed that Tina Chiang is an actual person, with an

11  accounting business located in City of Industry, California.

12       61.    A Statement of Information filed with the California Secretary of State

13  on April 17, 2014 lists Living Water's principal business address as 14104 Tiger

14  Lily Court, Corona, California 92880.  This address is a residence owned, but not

15  resided in, by Han.  It is also an address given to CBP by Belle Clothing as an

16  address to which goods imported by Belle Clothing were to be delivered.  This

17  Statement of Information lists the company's mailing address as "Stephen L Han" at

18  14104 Tiger Lily Court, Corona, California 92880, and lists the company's

19  registered agent as Wang.  This Statement of Information was completed by Wang

20  as the "Account" for Living Water.  A true and correct copy of the April 17, 2014

21  Statement of Information is attached hereto as Exhibit L.

22       62.    A Statement of Information filed with the California Secretary of State

23  on July 16, 2015 lists Living Water's principal business address as 403 Gleneagles

24  Place, La Canada Flintridge, California 91011 (Han's personal residence).  It is also

25  an address given to CBP by Belle Clothing as an address to which goods imported

26  by Belle Clothing were to be delivered.  A true and correct copy of the July 16, 2015

27  Statement of Information is attached hereto as Exhibit M.

28

63.     Over the past five years, Living Water has imported more than four hundred ocean shipping containers from China filled with various types of goods, including footwear.  The addresses given by Living Water to CBP as the addresses to which these more than four hundred containers were to be delivered include: (a) 3327 San Gabriel Boulevard, #H, Rosemead, California (another address used by DHK Express); and (b) 12212 6th Street, Rancho Cucamonga, California 91730 (the same address used by Felice Soul and Belle Clothing).

                    (3)     Titus

64.     Titus was incorporated by "Cheng Gong" on May 15, 2014 in the State of New York.  Deckers has not yet been able to determine whether "Cheng Gong" is an actual person or fabricated.  The address given for "Cheng Gong" on the Certificate of Incorporation is 58 East Broadway PMB# [private mail box] 268, New York, New York 10002.  As alleged above, this is the same address that appears on the Notice of Seizure and to which the seized shipment of counterfeit UGG® boots imported by Felice Soul was destined.  The address given for Titus on the Certificate of Incorporation is 11 East Broadway Ste. 6E, New York, New York 10038.  A true and correct copy of the May 15, 2014 Certificate of Incorporation is attached hereto as Exhibit N.

65.     Over the past year, Titus has imported at least five ocean shipping containers from China, with DHK Express acting as the freight forwarder.  CBP was informed that each of these shipments was to be delivered to 11 East Broadway Ste. 6E, New York, New York 10038.

                    (4)     Graceful

66.     Graceful was incorporated by "Xingfen Che" on May 29, 2012 in the State of New York.  After a diligent, nationwide search using sophisticated and powerful public record search databases and other sources of information, Deckers has determined, and on that basis alleges upon information and belief, that "Xingfen Che" is a non-existent person.  This fabricated name is startlingly similar to "Xingun

1  Che," the fabricated name listed on a California Statement of Information as the sole

2  officer and director of Felice Soul.

3       67.  The address given for "Xingfen Che" on the Certificate of

4  Incorporation is 52 East Broadway PMB# [private mail box] 230, New York, New

5  York 10002.  This address is similar to, but different from the address used by

6  Felice Soul and Titus, i.e., 52 versus 58 East Broadway (businesses separated by

7  two other small store fronts).  A true and correct copy of the May 29, 2012

8  Certificate of Incorporation is attached hereto as Exhibit O.

9       68.  Over the past three years, Graceful has imported nearly three hundred

10  ocean shipping containers from China, with DHK Express acting as the freight

11  forwarder.  For the first one-half of these shipments, CBP was informed that they

12  were to be delivered to Graceful at the 52 East Broadway PMB# 230 address.  For

13  the remainder of the shipments, however, CBP was informed that they were to be

14  delivered to 58 East Broadway PMB# 230, New York, New York, i.e., the same

15  private mail box business as used by Felice Soul and Titus.

16       69.  Obviously, ocean shipping containers filled with goods imported from

17  China are not physically delivered to mail boxes.  Wang and Han use these mail box

18  addresses to conceal the actual, physical addresses to which their imported goods

19  are scheduled for delivery.

20       (5)  HB

21       70.  HB was incorporated by "Yang Yang" on November 4, 2013 in the

22  State of New York.  After a diligent, nationwide search using sophisticated and

23  powerful public record search databases and other sources of information, Deckers

24  has determined, and on that basis alleges upon information and belief, that "Yang

25  Yang" is a non-existent person.

26       71.  The address given for "Yang Yang" on the Certificate of Incorporation

27  is 58 East Broadway PMB# [private mail box] 230, New York, New York 10002.

28  This address is the same address used by Felice Soul and Titus, and is located in the

1   same private business as the mail box used by Graceful.  The address given for HB

2   on the Certificate of Incorporation is 11 East Broadway Ste. 6E, New York, New

3   York 10038, *i.e.*, that same business address occupied by Titus.  A true and correct

4   copy of the November 4, 2013 Certificate of Incorporation is attached hereto as

5   Exhibit P.

6        72.   Over the past two years, HB has imported more than one hundred

7   ocean shipping containers from China, with DHK Express acting as the freight

8   forwarder.  For each of these shipments, CBP was informed that the good were to be

9   delivered to 11 East Broadway Ste. 6E, New York, New York 10038, *i.e.*, the same

10   address occupied by Titus.

11        73.   As shown by the foregoing allegations, Han and Wang have used

12   fraudulent documents to establish and operate an interrelated group of business

13   entities in California and New York that are used to import goods – including

14   counterfeit goods – from China.  At least one of these business entities – Felice Soul

15   – has been caught red-handed by CBP importing massive quantities of counterfeit

16   UGG® boots.

17        74.   In light of the fraudulent means used by Han and Wang to create and

18   conceal their ownership and control over Felice Soul and other companies, and

19   given the enormous volumes of goods, including footwear, imported by these

20   companies, Deckers is informed and believes and on that basis alleges that Han and

21   Wang have imported other shipments of counterfeit UGG® boots that were not

22   seized by CBP, but were distributed and sold in commerce in the United States.

23        75.   Upon information and belief, the Defendants arranged for and imported

24   the shipment referenced in the Notice of seizure in connection with their coordinated

25   and ongoing efforts to import, sell, offer for sale, and/or distribute counterfeit

26   UGG® brand footwear, thereby intentionally and knowingly infringing Deckers'

27   valuable trademarks.

28

76.     Defendants are not authorized by Deckers to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Deckers' federally-registered trademarks.

77.     Defendants are engaged in and/or otherwise involved in facilitating the ongoing and unrestrained commercial importation of counterfeit UGG® brand footwear into the United States.  As a result of the Defendants' actions, Deckers is losing sales of genuine products, is suffering a loss of the enormous goodwill and value created in its UGG Marks, and will continue to suffer such loss if the Defendants are allowed to continue their illegal activity.

78.     The counterfeit UGG® brand footwear imported by the Defendants is not the same as genuine footwear manufactured and sold by Deckers under the UGG Marks.  As such, consumers who purchase counterfeit UGG® brand footwear are likely to be confused and/or disappointed by obtaining counterfeit footwear when they intended to purchase genuine UGG® brand footwear.  In addition, the sale of counterfeit UGG® brand footwear is likely to cause confusion among consumers regarding Deckers' sponsorship or approval of the counterfeit footwear.  As a result of the Defendants' actions, Deckers is suffering a loss of the enormous goodwill Deckers has created in its UGG® brand products and is losing sales of genuine products.

79.     The Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, thereby causing Deckers irreparable harm.

## FIRST CLAIM FOR RELIEF

### (For Infringement of Registered Trademarks in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

80.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 79 hereof.

81.   The UGG Marks are recognized internationally and domestically, including within this judicial district, as being affixed to goods and merchandise of the highest quality and as originating from Deckers.

82.   The acts of the Defendants alleged herein constitute the use in commerce, without the consent of Deckers, of a reproduction, counterfeit, copy, or colorable imitation of one or more of the UGG Marks, including the Sun Design Mark, in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers and therefore infringe Deckers' rights in one or more of the UGG Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

83.   The Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

84.   Defendants' use of the UGG Marks is without Deckers' permission or authority and in total disregard of Deckers' rights to control its trademarks.

85.   Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Deckers has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Deckers.

86.   The Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

87.   Deckers has no adequate remedy at law for the foregoing wrongful conduct.  Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

## SECOND CLAIM FOR RELIEF

**(For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

88.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 87 hereof.

89.     The acts of the Defendants alleged herein constitute the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Deckers, or as to the origin, sponsorship, or approval of Defendants' counterfeit footwear by Deckers.

90.     Defendants' use of the UGG Marks, including the Sun Design Mark, is without Deckers' permission or authority and in total disregard of Deckers' rights to control its trademarks.

91.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Deckers has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Deckers.

92.     Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

93.     Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in

1 the alternative to statutory damages under Section 35(c) of the Lanham Act,

2 15 U.S.C. § 1117(c).

3     94.   Deckers has no adequate remedy at law for the foregoing wrongful

4 conduct.  Deckers has been, and absent injunctive relief will continue to be,

5 irreparably harmed by the Defendants' actions.

6                    **THIRD CLAIM FOR RELIEF**

7 **(For Unlawful Importation of Goods Bearing Infringing Marks in Violation of**

8          **Section 42 of the Lanham Act, 15 U.S.C. § 1124)**

9     95.   Deckers specifically realleges and incorporates herein by reference

10 each and every allegation contained in Paragraphs 1 through 94 hereof.

11     96.   Defendants' acts alleged herein constitute the importation of

12 merchandise which bears copies or simulations of the federally registered UGG

13 Marks, including the Sun Design Mark, in violation of Section 42 of the Lanham

14 Act, 15 U.S.C. § 1124.

15     97.   Defendants' use of the infringing marks was willful, intentional, and

16 done with the knowledge that the marks are counterfeit marks, as defined in Section

17 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

18     98.   Defendants' acts entitle Deckers to damages for all of the Defendants'

19 profits derived from their past unlawful conduct, trebled, to the full extent provided

20 under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in

21 the alternative to statutory damages under Section 35(c) of the Lanham Act,

22 15 U.S.C. § 1117(c).

23     99.   Deckers has no adequate remedy at law for the foregoing wrongful

24 conduct.  Deckers has been, and absent injunctive relief will continue to be,

25 irreparably harmed by Defendants' actions.

26     100.   Upon information and belief, Defendant's unlawful actions began long

27 after the UGG Marks became famous.

28

**FOURTH CLAIM FOR RELIEF**

**(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))**

101.   Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 100 hereof.

102.   Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the UGG Marks, including the Sun Design Mark, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

103.   Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

104.   Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

105.   Deckers has no adequate remedy at law for the foregoing wrongful conduct.  Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

**FIFTH CLAIM FOR RELIEF**

**(For Violation of the California Unfair Business Practices Act, Cal. Bus & Prof. Code § 17200 et seq.)**

106.   Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 105 hereof.

107.   Defendants' conduct, as alleged above, constitutes unfair competition under Cal. Bus. & Prof. Code § 17200 et seq.  These acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

1  connection, or association of the Defendants with Deckers, or as to the origin,

2  sponsorship, or approval of counterfeit footwear by Deckers.

3      108.   The Defendants' acts entitle Deckers to general and special damages

4  for all of the Defendants' profits derived from their past unlawful conduct to the full

5  extent provided for by Cal. Bus. & Prof. Code § 17200 et seq.

6      109.   Deckers has no adequate remedy at law for the foregoing wrongful

7  conduct.  Deckers has been, and absent injunctive relief will continue to be,

8  irreparably harmed by the Defendants' actions.

9      110.   Defendants intentionally, willfully, fraudulently, and maliciously, and

10  with the intent and design to injure Deckers, did the things herein alleged to defraud

11  and oppress Deckers.  Deckers is therefore entitled, pursuant to Cal. Civ. Code.

12  § 3294(a), to exemplary or punitive damages.

13  **SIXTH CLAIM FOR RELIEF**

14  **(For Unfair Competition in Violation of California State Common Law)**

15      111.   Deckers specifically realleges and incorporates herein by reference

16  each and every allegation contained in Paragraphs 1 through 110 hereof.

17      112.   Defendants' conduct, as alleged above, constitutes unfair competition

18  under California State common law.  The Defendants' acts have resulted in the

19  "passing off" of the Defendants' products as those of Deckers, or as somehow

20  related or associated with, or sponsored or endorsed by Deckers.

21      113.   The Defendants' acts entitle Deckers to general and special damages

22  for all of the Defendants' profits derived from their past unlawful conduct to the full

23  extent provided for by the common law of the State of California.

24      114.   Deckers has no adequate remedy at law for the foregoing wrongful

25  conduct.  Deckers has been, and absent injunctive relief will continue to be,

26  irreparably harmed by the Defendants' actions.

27      115.   Defendants intentionally, willfully, fraudulently, and maliciously, and

28  with the intent and design to injure Deckers, did the things herein alleged to defraud

1   and oppress Deckers.  Deckers is therefore entitled, pursuant to Cal. Civ. Code.

2   § 3294(a), to exemplary or punitive damages.

3   **PRAYER FOR RELIEF**

4   **WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in

5   its favor and against Defendants as follows:

6   A.   Granting permanent injunctive relief restraining Defendants, their

7   agents, servants, employees, officers, associates, attorneys, and all persons acting

8   by, through, or in concert with any of them, from:

9   (1)   Manufacturing, distributing, advertising, offering for sale, and/or

10   selling any products bearing any simulation, reproduction, counterfeit, copy, or

11   colorable imitation of the UGG Marks, or any other marks confusingly similar

12   thereto;

13   (2)   Using any simulation, reproduction, counterfeit, copy, or

14   colorable imitation of the UGG Marks in connection with the promotion,

15   advertisement, display, sale, offer for sale, manufacture, production, circulation or

16   distribution of counterfeit footwear in such fashion as to relate or connect, or tend to

17   relate or connect, such products in any way to Deckers, or to any goods sold,

18   manufactured, sponsored, or approved by, or connected with Deckers;

19   (3)   Committing any other act which falsely represents or which has

20   the effect of falsely representing that the goods and services of Defendants are

21   licensed by, authorized by, offered by, produced by, sponsored by, or in any other

22   way associated with Plaintiff;

23   (4)   Engaging in any other activity constituting unfair competition

24   with Deckers, or constituting an infringement of the UGG Marks;

25   (5)   Destroying, altering, removing, delivering, holding for sale,

26   returning, transferring, hiding, or otherwise moving, storing or disposing in any

27   manner Defendants' counterfeit UGG® products, the materials/means to make said

28   counterfeit products, as well as any books or records which may contain any

1 information relating to the importation, manufacture, production, distribution,

2 circulation, sale, marketing, offering for sale, advertisement, promotion, and/or

3 display of counterfeit UGG® products;

4     (6) Otherwise infringing Plaintiff's registered and common law

5 family of trademarks;

6     (7) Aiding, abetting, contributing to, or otherwise assisting anyone

7 in infringement of UGG Marks; and

8     (8) Effecting assignments or transfers, forming new entities, or

9 associations or utilizing any other device for the purpose of circumventing or

10 otherwise avoiding the prohibitions set forth in Paragraphs (A)(1) through (A)(7)

11 above.

12   B. Ordering Defendants to deliver for destruction all counterfeit UGG®

13 products, including footwear and labels, signs, prints, packages, dyes, wrappers,

14 receptacles, and advertisements relating thereto in its possession, custody, or control

15 or any simulation, reproduction, counterfeit, copy, or colorable imitations thereof,

16 and all plates, molds, heat transfers, screens, matrices, and other means of making

17 same;

18   C. Ordering an accounting by Defendants of all gains, profits and

19 advantages derived from their wrongful acts;

20   D. Ordering Defendants to disgorge their profits;

21   E. Awarding actual damages suffered by Plaintiff as a result of

22 Defendants' acts;

23   F. Awarding all damages, including attorneys' fees, that Plaintiff has

24 sustained and will sustain as a result of such infringing acts, and all gains, profits

25 and advantages obtained by Defendants as a result thereof, in an amount not yet

26 known, as well as the costs of this action pursuant to 15 U.S.C. § 1117;

27

28

1       G.    Awarding treble damages in the amount of Defendants' profits or

2 Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15

3 U.S.C. § 1117(b);

4       H.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

5       I.    Awarding applicable interest, costs, disbursements and attorneys' fees;

6       J.    Awarding Plaintiff general, special, and exemplary damages to the full

7 extent provided for by Cal. Bus. & Prof. Code §17200 et seq., Cal. Civ. Code.

8 § 3294(a), and the common law of the State of California; and

9       K.    Awarding Plaintiff such other and further relief as the Court deems just

10 and proper.

11 DATED:  August 14, 2015       **THOMPSON COBURN LLP**

12

13

14 By:

15       **SAMUEL R. WATKINS**
        Attorneys for Plaintiff DECKERS

16       OUTDOOR CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

1    **DEMAND FOR JURY TRIAL**

2         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3    hereby demands trial by jury in this action on any issue triable of right by a jury.

4

5    DATED:  August 14, 2015          **THOMPSON COBURN LLP**

6

7

8                                     By:

9                                     **SAMUEL R. WATKINS**
                                      Attorneys for Plaintiff DECKERS
                                      OUTDOOR CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6197073.2                            26
                          COMPLAINT FOR DAMAGES